# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **ID No. 1407012867** |
| | ) | |
| | ) | **Cr.A. Nos. IN14-07-1602, 2182,** |
| **DAVID F. COSTON,** | ) | **2183, 1604,** |
| | ) | **2184, 2185.** |
| **Defendant.** | ) | |

Submitted: September 19, 2017
Decided: December 7, 2017

## ORDER DENYING POSTCONVICTION RELIEF AND GRANTING COUNSEL'S MOTION TO WITHDRAW

This 7th day of December, 2017, upon consideration of Defendant David F. Coston's ("Coston") Motion for Postconviction Relief (D.I. 43), the State's response thereto (D.I. 50), his trial counsel's submissions (D.I. 48 & 57), his postconviction attorney's Motion to Withdraw (D.I. 56), and the record in this case, it appears to the Court that:

(1)     On July 15, 2014, Wilmington Police Officers Justin Wilkers and John Mitchell pulled Coston's vehicle over for a turn signal violation.[1] Upon approaching the vehicle, the officers detected the odor of marijuana and noticed excessive

---

[1]     Mot. to Withdraw as David Coston's Postconviction Counsel, *State v. David Coston*, ID No. 1407012867, at 7 (Del. Super. Ct. Aug. 1, 2017) (D.I. 56) (hereinafter "Mot. to Withdraw").

movement within the vehicle.[2]  Officer Wilkers asked Coston if there was marijuana in the vehicle.[3]  Coston's passenger, Kirk Flowers, answered that he had been smoking marijuana; Coston didn't respond to the officer's question.[4]  The officers then asked Coston and Flowers to exit the vehicle.[5]

(2)  As Coston exited the vehicle, Officer Wilkers observed the grip of a revolver under the driver's seat.  The revolver was a loaded Smith & Wesson .357 revolver with six rounds.  A second gun—a Glock .45 semiautomatic pistol and six cartridges—was discovered under the passenger seat.[6]  At the police station, Coston told the police that the two guns belonged to him.[7]

(3)  Coston was indicted on two counts of Possession of a Firearm by a Person Prohibited, two counts of Carrying a Concealed Deadly Weapon, one count of Possession of Ammunition by a Person Prohibited, and Possession of Marijuana.[8]

---

[2]  *Id.*

[3]  *Id.*

[4]  *Id.*

[5]  *Id.*

[6]  *Id.* at 8.

[7]  *Id.*

[8]  *Id.* at 2.

Coston's trial counsel filed a pre-trial suppression motion.[9] An evidentiary hearing was held, and the Court denied the motion to suppress.[10]

(4) After a one-day trial, the jury convicted Mr. Coston of all charges.[11] At trial, Coston testified that the second gun actually belonged to Flowers, and that he had claimed it was his to protect Flowers.[12] Coston further said that he lied about the second gun "because he thought he would be acquitted due to the violation of his rights by the arresting officers who made an 'illegal stop'."[13]

(5) Coston was sentenced on one count of Possession of a Firearm by a Person Prohibited to seven years at Level V; on the second count of Possession of a Firearm by a Person Prohibited to a concurrent term of five years at Level V; and to fully probated terms for the other offenses.[14]

---

[9] *Id.*

[10] *Id.* at 3.

[11] *Id.*

[12] *Id.* at 8.

[13] *Id.*

[14] *See* Sentencing Order, *State v. Coston*, ID No. 1407012867 (Del. Super. Ct. June 30, 2015) (D.I. 35).

(6) Coston's convictions and sentence were affirmed on direct appeal.[15] And before the Court now is his first and timely Motion for Postconviction Relief.[16] Coston alleges three grounds for relief: first, that his confession to the police was coerced; second, ineffective assistance of trial counsel in failing to bring inconsistencies in the officers' testimony to the Court's attention; and third, ineffective assistance of trial counsel in failing to subpoena any video footage of his arrest.[17]

(7) Coston's postconviction counsel ("PCR Counsel") has filed a brief and Motion to Withdraw pursuant to Superior Court Rule 61(e). PCR Counsel asserts that, based upon a careful and complete examination of the record, there are no meritorious grounds for relief. Under this Court's Criminal Rule 61(e)(7):

> If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the movant may file a response to the motion within 30 days of service of the motion upon the movant.[18]

---

[15] *Coston v. State*, 2016 WL 1576800 (Del. Apr. 15, 2016).

[16] Mot. to Withdraw at 4. *See* SUPER. CT. CRIM. R. 61.

[17] *Id*. at 5.

[18] SUPER. CT. CRIM. R. 61(e)(7).

(8) Coston's PCR Counsel has represented that, after careful review of Coston's case, he has determined that Coston's claims are so lacking in merit that he cannot ethically advocate them; and further, that PCR Counsel is not aware of any other substantial ground for relief.[19] PCR Counsel provided Coston with a copy of the Motion and advised Coston of his right, Rule 61(e)(7), to file a response within 30 days. Mr. Coston filed no response.

(9) "In order to evaluate [Coston's Motion for Postconviction Relief], and to determine whether [PCR Counsel's Motion to Withdraw] should be granted, the court should be satisfied that [PCR Counsel] made a conscientious examination of the record and the law for claims that could arguably support [Coston's] Rule 61 motion. In addition, the court should conduct its own review of the record in order to determine whether [Coston's] Rule 61 motion is devoid of any, at least, arguable postconviction claims."[20]

(10) Coston first claims that his confession was coerced by police intimidation and rough handling.[21] But the claim is unsupported by the record; at

---

[19] Mot. to Withdraw at 13, 16.

[20] *State v. Matos*, 2015 WL 739954, at *3 (Del. Super. Commr. Feb. 19, 2015), *adopted,* Order, *State v. Matos,* ID No. 1003000386 (Del. Super. Ct. June 30, 2015) (order adopting Commissioner's report and recommendation, denying Matos' postconviction motion, and granting postconviction counsel's motion to withdraw), *aff'd*, 124 A.3d 1016 (Del. 2015).

[21] Mot. for Postconviction Relief, *State v. David Coston*, ID No. 1407012867, at 3 (Del. Super. Ct. May 19, 2016) (D.I. 43) (hereinafter "Mot. for Postconviction Relief").

no point did Coston claim police brutality, though he testified at both his suppression hearing and at trial. Moreover, Mr. Coston informed a Public Defender interviewer that he had no memory of his stop or subsequent arrest.[22]

(11) Rule 61 sets forth procedural bars to postconviction claims, including that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows . . . [c]ause for relief from the procedural default and . . . [p]rejudice from violation of the movant's rights."[23] Coston's failure to raise his newly-minted coerced statement claim during the proceedings prevents the Court from addressing it now unless Coston shows cause for relief and prejudice from a violation of his rights. Coston has not demonstrated the requisite cause for relief, and so this claim is barred.

(12) Rule 61(i)(3)'s bar is inapplicable to "claims [of] ineffective assistance of counsel, which could not have been raised in any direct appeal."[24] In turn, Coston's claims of ineffective assistance of counsel are not procedurally barred here. And the Court could consider the claims on their merits.

---

[22]    Mot. to Withdraw Ex. A at A251 ("During his initial intake interview . . . , Mr. Coston made no mention about the legality of the stop or any other issue except to state that he was high on marijuana and [percocets] on the date of the incident and had no recollection of the incident.").

[23]    DEL. SUPER. CT. CRIM. R. 61(i)(3).

[24]    *State v. Smith*, 2017 WL 2930930, at *1 (Del. Super. Ct. July 7, 2017).

(13) An inmate who claims ineffective assistance of counsel must demonstrate that: (a) his defense counsel's representation fell below an objective standard of reasonableness, and (b) there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.[25] A reasonable probability exists when there "is a probability sufficient to undermine confidence in the outcome."[26] There is always a strong presumption that counsel's representation was reasonable.[27]

(14) Coston's second claim asserts ineffective assistance of counsel for "fail[ing] to bring to the judge's attention inconsistencies in the arresting officers' testimonies[.]"[28] There are arguable minor discrepancies in the officers' testimony: at the suppression hearing, Officer Wilkers said the distance between the officers' car and Coston's before the turn was fifty feet;[29] at the preliminary hearing, Officer Mitchell testified that the distance was "a car length, if that";[30] and at trial, Officer

---

[25] *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015).

[26] *Strickland*, 455 U.S. at 694.

[27] *See Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[28] Mot. for Postconviction Relief at 3.

[29] Tr. of Suppression Hr'g, *State v. David Coston*, ID No. 1407012867, at 14 (Del. Super. Ct. Oct. 23, 2015) (D.I. 41) (hereinafter "Tr. of Suppression Hr'g").

[30] Mot. to Withdraw Ex. A at A28.

Mitchell testified that the distance was "maybe two car lengths . . . somewhere around forty feet."[31]

(15)   "Any arguable inconsistencies in the testimony are properly left to the trier of fact as the sole judge of the credibility of the witnesses."[32]  Here, this Court determined at the suppression hearing that Officer Wilkers' memory of the stop was "more credible" than the defense version, as the officer's testimony was wholly consistent with that given at the preliminary hearing and written in his report.[33]  Given the substantial similarities between Officer Wilkers' testimony and Officer Mitchell's testimony, and the Court's finding that the officers were a more credible source with regard to the stop, there is no reasonable probability that but for trial counsel's alleged failure to highlight the minor discrepencies now suggested, the result of Coston's suppression hearing or trial would have been different.

(16)   Finally, Coston asserts an ineffective assistance of counsel claim for failing to subpoena allegedly exonerating video footage from Downtown Visions of the incident that led to his arrest.[34]  Coston's trial counsel has stated in an affidavit that he was informed by the Operations Director of Downtown Visions that "the

---

[31]     *Id*. at A162.

[32]     *Harris v. State*, 968 A.2d 491 (Del. 2009).

[33]     Tr. of Suppression Hr'g at 50.

[34]     Mot. for Postconviction Relief at 3.

video was no longer available and even if it was it was highly unlikely to have any evidentiary value."[35] Trial counsel's investigation revealed that Downtown Visions retains video footage of covered streets for between 10 days to two months, depending on the type of camera in use at the location.[36] The cameras are not oriented to traffic patterns and it is unclear whether the street where the stop occurred is even covered. Even still, the Operations Director stated that he "had never seen a situation where a vehicle using a turn signal (or not) was captured on video."[37]

(17) Trial counsel's investigation after Coston's request to subpoena the video footage did not fall below the standard of reasonableness. Trial counsel promptly inquired into the matter and was informed that the footage neither existed, nor was likely to exonerate Coston due to the orientation of Downtown Visions' cameras. There is simply no reason to believe that possession of Downtown Visions' surveillance footage would have changed the result of Coston's suppression or trial proceedings.

---

[35] Aff. of Timothy J. Weiler in Resp. to R. 61 Mot. for Postconviction Relief, *State v. David Coston*, ID No. 1407012867, at ¶ 3(b) (Del. Super. Ct. Sept. 19, 2017) (D.I. 57).

[36] *Id*. at Ex. D.

[37] *Id*.

(18) Having reviewed the record carefully, the Court has concluded that Coston's claims are without merit, and no other substantial ground for relief exists. Accordingly, Coston's Motion for Postconviction Relief is **DENIED** and PCR Counsel's Motion to Withdraw is **GRANTED**.

**SO ORDERED this 7th day of December, 2017.**

*/s/ Paul R. Wallace*

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:  Mark A. Denney, Jr., Deputy Attorney General
Timothy J. Weiler, Esquire
Edward F. Eaton, Esquire
Mr. David Coston, *pro se*